Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| AMALIA GONZÁLEZ TORRES<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; Y OTROS<br><br>Recurrido | TA2026CE00703 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV03444<br><br>Sobre: Impugnación de confiscación |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece la señora Amalia González Torres (señora González Torres o peticionaria) y solicita la expedición del auto de *certiorari* en aras de revertir el dictamen interlocutorio emitido por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario), el 6 de mayo de 2026. En el pronunciamiento impugnado, el TPI declaró no ha lugar la *Moción Solicitando Nulidad de la Confiscación y Falta de Jurisdicción* que promovió la señora González Torres.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

En calidad de dueña y titular del vehículo Toyota Corolla del 2013, la señora González Torres instó una demanda sobre impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico, representado por el Secretario del Departamento de Justicia; de la Junta de Confiscación y del Negociado de la Policía de Puerto Rico por conducto del Comisionado (en conjunto, "los recurridos"). En sus alegaciones la señora González Torres expuso

que, la Policía de Puerto Rico ocupó el referido vehículo, el 21 de agosto de 2024, al amparo de la Ley Núm. 119- 2011, según enmendada, conocida como Ley Uniforme de Confiscaciones de 2011 (Ley de Confiscaciones), 34 LPRA sec. 1724 *et seq.,* sin orden previa.

Puntualizó que, recibió la notificación correspondiente mediante carta, el 23 de septiembre de 2024. Según arguyó, el matasellos del correo indicó la fecha de 20 de septiembre de 2024, pero al recibir la carta el día 23 del mismo mes y año, entiende que resultó estar fuera del término jurídico. Imploró al foro judicial una orden dirigida a los recurridos para que le devuelvan el vehículo ocupado en violación a su debido proceso de ley.

En su alegación responsiva, acreditada el 15 de noviembre de 2024, los recurridos negaron lo expuesto por la señora González Torres. Discutieron que, la fecha del depósito en el correo es la fecha que determina lo relacionado al cumplimiento con el término para notificar una confiscación, a tenor del Artículo 13 de la Ley de Confiscaciones, 34 LPRA sec. 1724j. Indicaron que, el vehículo fue ocupado el 21 de agosto de 2024 y, 30 días después, el 20 de septiembre de 2024, notificaron de este hecho a la señora González Torres, mediante correo certificado con acuse de recibo.

Añadieron que, el referido vehículo fue utilizado en violación al Artículo 182 de la Ley Núm. 146-2012, conocida como el Código Penal de Puerto Rico, 33 LPRA sec. 5252, sin que sea pertinente la relación de la peticionaria con los presuntos actos delictivos. Tras consignar sus defensas afirmativas e indicar que procede dilucidar si la señora González Torres posee legitimación activa para continuar con la presente causa, los recurridos suplicaron la denegatoria de la reclamación de epígrafe.

Pendiente lo anterior, el 4 de abril de 2025, el TPI celebró una vista en cumplimiento con el Artículo 15 de la Ley de Confiscaciones,

34 LPRA sec. 1724l. Basado en lo admitido ante su consideración, el foro primario le reconoció legitimación activa a la peticionaria.

El siguiente mes, la peticionaria presentó una *Moción solicitando sentencia sumaria*[1] a la cual se opuso el ELA.[2] En su pronunciamiento, notificado en autos el 26 de noviembre de 2025,[3] el TPI consignó los siguientes hechos incontrovertibles:

1. El vehículo de motor marca Toyota modelo Corolla del año 2013, de color gris y con tablilla IDN-781 ("vehículo"), fue ocupado el 21 de agosto de 2024 y resultó confiscado, por haberse utilizado el 2 de junio de 2024 en violación al artículo 182 del Código Penal.
2. El vehículo fue tasado en ocho mil dólares ($8,000.00) por la Junta de Confiscaciones, lo cual fue notificado a la demandante.
3. La notificación dirigida a la demandante sobre la confiscación y tasación del vehículo ("notificación") fue depositada en el correo el 20 de septiembre de 2024, según surge del matasellos en el sobre de envío. La notificación se realizó mediante correo certificado con acuse de recibo. La demandante recibió la notificación el 24 de septiembre de 2024.
4. La notificación fue enviada a la siguiente dirección: Loíza Valley, BB 25 Calle Almendro, Canóvanas PR 00729. Esta es la dirección correcta de la demandante, según surge de la alegación número 1 de la Demanda.
5. Por tanto, la notificación se realizó oportuna y correctamente, conforme a derecho y en cumplimiento con el debido proceso de ley.
6. La demandante es dueña del vehículo desde el año 2013.
7. En la vista de legitimación activa, la demandante confirmó bajo juramento que tiene la posesión del vehículo desde que lo adquirió en el año 2013.
8. El Tribunal reconoció la legitimación activa de la demandante.
9. No surge del expediente una orden judicial para la ocupación del vehículo. Sin embargo, ello no afecta la presunción de legalidad y corrección de la confiscación.
10. Del expediente de la confiscación no surge que se haya presentado alguna denuncia contra la demandante por los hechos que motivaron la confiscación del vehículo. Sin embargo, esto no es pertinente a la presente causa de acción.
11. El vehículo fue transportado el 17 de septiembre de 2024 al lote de vehículos confiscados, ubicado en Salinas. Para ello, la grúa que lo transportaba tuvo que pasar por la estación de AutoExpreso de Caguas Sur. A esto se debe el cobro del peaje correspondiente a dicha estación, que aparece en el anejo 2 de la Moción solicitando sentencia sumaria.

---

[1] Sistema Unificado de Administración y Manejo de Casos, SUMAC-TPI, Entrada Núm. 9.
[2] *Íd.*, Entrada Núm. 12.
[3] El dictamen fue enmendado el 13 de mayo de 2026 *nunc pro tunc* para corregir error de forma en hecho #4. Entradas Núm. 64, 66.

No obstante, al identificar dos controversias medulares,[4] el TPI denegó el referido petitorio sumario y ordenó la continuación de los procesos. Oportunamente, la peticionaria instó un petitorio de reconsideración sustentado, principalmente, en la alegada falta de nexo delictivo con la titular del vehículo y posible clonación de su tablilla. Es de notar que, no observamos en la moción de reconsideración argumentos adicionales atinentes al presunto incumplimiento de los recurridos con su deber de notificar adecuada y oportunamente a la peticionaria sobre la confiscación del vehículo.

El TPI rechazó los argumentos expuestos en la reconsideración y, según nuestro examen del expediente, la *Resolución* interlocutoria en la cual el foro primario consignó hechos incontrovertidos, no fue objeto de revisión judicial.

Así las cosas y atinente al recurso de título, la señora González Torres presentó, el 30 de marzo de 2026, una *Moción Solicitando Nulidad de la Confiscación y Falta de Jurisdicción.*[5] Ello, por entender que, según el informe sobre las condiciones del vehículo, la ocupación ocurrió el 21 de junio de 2024, sin que los recurridos cumplieran con el requisito jurisdiccional de notificar, dentro de los treinta (30) días siguientes a la ocupación del vehículo, en contravención con el Artículo 13 de la Ley de Confiscaciones, *supra.*

---

[4] Surge de la *Resolución* emitida el 24 de noviembre de 2025 que:
(1) Existe controversia sobre el hecho que la demandante no se encontraba conduciendo su vehículo de motor. La mera alegación no constituye prueba, el hecho planteado no está respaldado en evidencia admisible que establezca tal hecho como lo requiere la Regla 36.3 de Procedimiento Civil, en su inciso (a)(4).
(2) Existe controversia del alegado hecho de que la tablilla del mismo [sic] fue clonado. Para establecer este hecho la demandante hace referencia a un anejo que resulta ser el Informe de Incidente (querella) número 2024-8- 015004072, presentado por "Amalia" -sin apellido alguno- y en cuyo inciso núm. 63 se narra lo siguiente:
> HOY 8 DE AGOSTO DE 2024 HORA 10:30AM SECTOR 8134 INFORMA LA QUERELLANTE QUE PARA LA FECHA DEL 17 DE JUNIO 2023 LE EXPIDIERON UNA MULTA ADMINISTRATIVA AL VEH. TOYOTA COROLLA GRIS TABLILLA IDN-781 EN EL ÁREA DE SANTURCE Y LA MISMA ALEGA QUE NO FRECUENTA ESA ÁREA Y QUE NO ERA SU VEHÍCULO. ESTA SOSPECHA DE QUE SU TABLILLA PUDO HABER SIDO CLONEADA [sic].

[5] Entrada núm. 54.

En su correspondiente oposición, los recurridos destacaron que, la *Resolución* notificada el 26 de noviembre de 2025 estableció la ley del caso. De esta surge, como un hecho incontrovertido, que el vehículo fue ocupado el 21 de agosto de 2024 y que la señora González Torres fue notificada de este hecho treinta (30) días después. Añadieron que, la propia peticionaria suscribió el documento inventario de vehículo, en el cual consignó el 21 de agosto de 2024 como la fecha de la ocupación. Para fundamentar su postura, los recurridos discutieron la aplicación de la Regla 36.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, a los efectos de fundamentar que los hechos incontrovertidos establecidos mediante una adjudicación sumaria se consideran probados. Sobre tales bases, solicitaron al TPI la denegatoria de la solicitud de nulidad de confiscación.

Evaluado lo antes, el TPI notificó el dictamen recurrido. En su *Resolución* destacó que, la señora González Torres fue debidamente notificada de los hechos probados en este caso y optó por cruzarse de brazos, sin incoar una oportuna revisión judicial. En su consecuencia, el foro primario coligió que la reclamación de la señora González Torres resultaba tardía, ante una adjudicación de hechos final y firme.

Aun insatisfecha, la peticionaria acude ante esta Curia y en su recurso señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar no ha lugar la Moción solicitando nulidad de la confiscación y falta de jurisdicción, rehusando atender en sus méritos un planteamiento de naturaleza jurisdiccional basado en el Artículo 13 de la Ley Uniforme de Confiscaciones de 2011.

> Erró el Tribunal de Primera Instancia al concluir que la controversia sobre la fecha de ocupación física del vehículo y la oportunidad de la notificación había quedado definitivamente adjudicada por la Resolución de 24 de noviembre de 2025, sin considerar adecuadamente que el propio tribunal posteriormente enmendó esa resolución en un extremo vinculado a la notificación.

> Erró el Tribunal de Primera Instancia al aplicar la doctrina de finalidad procesal para impedir la consideración de un

planteamiento de nulidad jurisdiccional, cuando el recurso presentado denunciaba una posible confiscación inválida por incumplimiento con un término expresamente jurisdiccional.

Erró el Tribunal de Primera Instancia al no reconocer que el propio expediente administrativo de confiscación contiene una contradicción material respecto a la fecha de ocupación física del vehículo, controversia que incide directamente sobre el cumplimiento del término jurisdiccional dispuesto en el Artículo 13 de la Ley Uniforme de Confiscaciones de 2011 y que impedía despachar el planteamiento mediante una mera referencia a una resolución interlocutoria anterior.

Erró el Tribunal de Primera Instancia al resolver la controversia jurisdiccional sin examinar la evidencia documental incorporada posteriormente al expediente mediante las Entradas Núms. 48 y 49 de SUMAC y sin reconocer que dicha evidencia generaba una controversia material relacionada con el cumplimiento del término jurisdiccional dispuesto en el Artículo 13 de la Ley Uniforme de Confiscaciones de 2011.

En cumplimiento con nuestra *Resolución* emitida el 4 de junio de 2026, los recurridos comparecen mediante un *Escrito en Cumplimiento de Resolución*, por lo que, con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes

interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición

**III.**

En su recurso, la peticionaria imputa al foro primario la comisión de cinco errores, todos atinentes a la presunta violación de los recurridos al Artículo 13 de la Ley de Confiscaciones, *supra.* En particular arguye que, los recurridos no le notificaron sobre la ocupación de su vehículo de motor Toyota Corolla color gris, dentro del término jurisdiccional de treinta (30) días que requiere la referida legislación. Lo antes, bajo el argumento de que, el vehículo fue ocupado el 21 de junio de 2024, por lo cual, la notificación efectuada el 21 de agosto de 2024 resulta tardía y anula la confiscación.

Mediante su *Escrito en Cumplimiento de Resolución,* los recurridos se oponen a la expedición del auto de *certiorari.* Controvierten el argumento de nulidad de la confiscación al puntualizar que la peticionaria admitió que la ocupación del

vehículo se realizó, el 21 de agosto de 2024. Fundamentan lo anterior en que, la *Demanda* sobre impugnación de confiscación que la peticionaria instó en contra de los recurridos establece que "[e]l vehículo fue ocupado el 21 de agosto de 2024, por la Policía de Puerto Rico, en el pueblo de Canóvanas, por [sic] alegadamente se utilizó en violación a [sic] Art[.] 182 de [sic] Código Penal."[6] Añaden que, la peticionaria también reconoció esa ocurrencia al firmar el *Inventario de Vehículo* (Formulario PPR-128) que así lo consigna y al establecer en el *Informe sobre Conferencia Preliminar entre Abogados* como un hecho pertinente de la parte demandante y como un hecho estipulado por las partes que el 21 de agosto de 2024 el vehículo en cuestión fue confiscado en Canóvanas.[7]

A tono con lo anterior, detallan que la *Orden de Confiscación* y el *Informe de Incidente de la PPR* (Formulario 621.1) reflejan que el vehículo fue ocupado el 21 de agosto de 2024. Añaden que, de conformidad, las determinaciones de hechos incontrovertidos que formuló el foro primario en la *Resolución* emitida sumariamente el 24 de noviembre de 2025, establecen que la ocupación del vehículo en cuestión se llevó a cabo el 21 de agosto de 2024 y que la peticionaria fue notificada al respecto, el 20 de septiembre de 2024. Si bien es cierto que los recurridos reconocen que el *Informe sobre Condiciones de Vehículo de Motor* de Polluelo Auto indica que el vehículo fue ocupado el 2 de junio de 2024,[8] atribuyen lo antes a un error o confusión, por ser este el único documento que establece esa fecha como la de la ocupación.

Observamos que la comparecencia de los recurridos contiene detalles sobre una intervención de seguridad que realizó el señor Alexis Albelo Wasserman (Sr. Albelo Wasserman), el 2 de junio de

---

[6] SUMAC-TPI, Entrada Núm. 1.
[7] SUMAC-TPI, Entrada Núm. 39.
[8] No el 21 de junio de 2024 como asevera la peticionaria.

2024, en el estacionamiento de The Home Depot del Centro Comercial Los Colobos en Carolina, que motivó la confiscación del vehículo de motor objeto de este recurso. En particular, que mientras el Sr. Albelo Wasserman ofrecía servicios de seguridad en el interior del referido establecimiento comercial, prestó vigilancia a una mujer de tez trigueña que vestía ropa deportiva, a quien vio entrar a la tienda por el área de construcción con una carretilla de madera vacía. Surge, además, que, el Sr. Albelo Wasserman reconoció a la fémina tras haber intervenido con ella el 5 de mayo de 2024, cuando ella intentó apropiarse de una unidad de aire acondicionado sin pagarla.

El escrito abunda que el Sr. Albelo Wasserman vio cuando la fémina se dirigió al área de la tienda en donde ubican los aires acondicionados, colocó sobre su carretilla una unidad marca Quul de 30,000 BTU, una consola de 18,000 BTU también marca Quul y un aire portátil marca GE de 7,500 BTU, valorados en $599.00, $499.00 y $399.00, respectivamente. Añade que, acto seguido, la dama salió rápidamente por el área de construcción con su carrito y con la mercancía, sin haberla pagado previamente, en dirección hacia el estacionamiento. El Sr. Albelo Wasserman informó haber observado que la dama colocó dos de las unidades de aire en el interior de un vehículo Toyota Corolla color gris, luego de lo cual, él se le acercó, se identificó como seguridad de The Home Depot, le notificó que no la vio pagar por la mercancía que tiene y solicitó su devolución. Añadió entre otros asuntos, que, retrató con su celular la parte trasera del vehículo de la cual surge que tenía tablilla IDN-781.

Del expediente surge que el foro primario evaluó lo antes y en particular el cuadro factico procesal ante su consideración y determinó que no procedía revertir sus determinaciones interlocutorias anteriores.

Hemos evaluado el recurso de naturaleza discrecional en el cual la peticionaria cuestiona lo justipreciado por el TPI. Lo antes, con el beneficio de la comparecencia de los recurridos, el expediente en su totalidad y al amparo de los criterios para la expedición del auto de c*ertiorari* de la Regla 40 del Reglamento de este Tribunal, *supra.* De esta forma, no identificamos que el foro primario se haya apartado de la normativa aplicable al denegar la *Moción Solicitando Nulidad de la Confiscación y Falta de Jurisdicción* que instó la peticionaria, sustentado en que, lo adjudicado mediante la *Resolución* dictada el 24 de noviembre de 2025, enmendada *nunc pro tunc* el 13 de mayo de 2026, advino final y firme, sin que la peticionaria acudiera oportunamente ante el Tribunal de Apelaciones.[9]

De conformidad, dictaminamos que no se reúnen los criterios conforme la Regla 40, *supra,* necesarios a los efectos de que ejerzamos nuestra facultad revisora en esta etapa de los procedimientos. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari,* en aras de evitar un fracaso a la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Cabe indicar que, la *Resolución Enmendada Nunc Pro Tunc* fue a los únicos efectos de corregir la dirección a la cual fue enviada la notificación de la confiscación.